Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $12,965.59.
The plaintiff claims that by reason of alleged misrepresentations made by the Government as to the material to be dredged it was much more difficult and expensive to dredge the materials found than it would have been to dredge the materials described in the specifications; and that by reason of these alleged misrepresentations of the Government the plaintiff was obliged to expend the sum of $12,965.59 more than it would have expended had the materials been such as were described in the specifications. The plaintiff alleges that it relied upon the statement in the specifications as to *103 the character of the material to be dredged, and that it was induced to enter into the contract to dredge the material at the price of 24^¶ cents per cubic yard by the description of the material contained in the specifications.
“ The burden of proving misrepresentation rests upon the party making the allegation. It is not to be presumed, and one may not simply show a different condition in some respects from that which the chart or blue prints of borings discloses, and rest his case upon the theory that the court must infer a misrepresentation. There must be some degree of culpability attached to the makers of the maps and charts, either that they were knowingly untrue or were prepared as the result of such a serious and egregious error that the court may imply bad faith.” Judge Booth in the case of Midland Land § improvement Co. v. United States, 58 C. Cls. 671, 683.
In this case the specifications as to the character of the material to be dredged are as. follows:
“ The material to be recovered is believed to be principally of a sandy character overgrown with sea grass, but bidders are expected to examine the work and decide for themselves as to its character and to make their bids accordingly, as the United States does not guarantee the accuracy of this description.”
It was found when the work began that the material to be dredged consisted of mud covering a mixture of stiff sand and clay, principally clay, sometimes hard blue clay, with some stumps interspersed.
It is not proven that the United States or its officers had knowledge of this material which it failed to disclose to bidders, nor that the United States or its officers had any more knowledge of the material to be dredged than was stated in the specifications. As a matter of fact, the evidence in this case discloses that the plaintiff did not rely upon the statements of the specifications as to the character of the materials to be dredged, nor upon any statements of the United States or its officers as to what the material was or was believed to be. The plaintiff before making its bid and before it entered into the contract went upon the site of the work and made its own investigation, and during the course of it found that at least a part of the material to be dredged was clay. This investigation lasted about four *104 hours, and no further investigation was made by the plaintiff before it entered into the contract. The plaintiff therefore entered into the contract with knowledge that a part of the material was not of the character described in the specifications. The plaintiff also knew that if there was any other material to be dredged except ledge rock it could only receive the contract price for its removal, the contract providing as follows:
“Work covered by price bid: The price bid per cubic yard for dredging shall cover the cost of removal and disposition of all material encountered except ledge rock. The removal of ledge rock, if found, will not be required; such work, if necessary, will be made the subject of separate contract. Material to be classified as ledge rock must be of such composition as, in the opinion of the contracting officer, shall require blasting for its removal and shall not include fragments of rock or bowlders capable of being raised by the dredge in one piece. Should ledge rock be encountered, the contractor shall remove therefrom all such overlying materials as, in the judgment of the contracting officer, can be removed by the use of the plant specified in the accepted proposal, or the equivalent of such plant.”
In the face of the above facts the plaintiff can not be allowed to found a claim against the United States upon the statement that it relied upon the specifications to determine the character of the material to be dredged. The belief as to the character of the material set out in the specifications is not a warranty upon which an action can be founded; it is only an expression of opinion. The allegation that the United States at the time of making the statement in the specifications as to the character of the material to be dredged knew that the stumps were to be found in or adjacent to the area to be dredged is not proven. If the opinion set out in the specifications had been known to be false by the officers of the United States, and had been so set out with intent to deceive and mislead, a different conclusion might be arrived at, but no such facts are proven.
For the reasons above stated the petition of the plaintiff must be dismissed. It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.